IN THE UNITED STATES DISTRICT COURT

SOUTHEREN DISTRICT OF IOWA

RECEIVED
11 MAR 25 AM 8: 31
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Nurah Arafat, | * |
| Plaintiff, | * |
| -vs- | * Case No:_____ |
| Credit Management System | * |
| Defendant. | * |

## COMPLAINT

## JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. 1331 and pursuant to 15 U.S.C. 1681 et seq, and pursuant to 28 U.S.C. 1367 for pendent state law claims. This action arises out of Defendant's violations of the Fair Credit Reporting Act., 15 U.S.C. 1681, et seq' ("FCRA") ") and ("FDCPA") Which allows for such claims to be made in any court of competent jurisdiction.

## PARTIES

Plaintiff, Nurah Arafat., is a natural person residing in the State of Iowa, County of Johnson. Plaintiffs address is 399 Willow Wind Pl. Iowa City, IA 52240.

Defendant Credit Management System does business in Iowa, and mailing address is 453 HWY. 1 W. Iowa City, IA 52246. Their Registered Agent is John Murphy, 453 HWY 1 West, Iowa City IA, 52246.

## VENUE

Venue is proper in this district because the acts and transactions occurred here, and the Defendants transact business here.

## FACTS

In June 2010, after reviewing Plaintiff's credit report. Plaintiff noticed a collection listed Credit Management System. Doubting the veracity and accuracy of this listing and knowing that said account was paid in full Plaintiff initiated a dispute via Experian's Online Consumer Dispute Resolution interface.

Despite Plaintiff's request for reinvestigation, and knowing that this account was paid in full, defendant continued to list this debt on Plaintiffs Credit report.

Defendant Credit Management System, furnished inaccurate information about this debt, namely that said account was owed by the Plaintiff, and failed to note the disputed nature of the account in violation FCRA 623(a) and 15 USC 1681s-2(b). Defendant Credit Management System also was aware of the disputed nature of said accounts and failed to ensure that said accounts were accurately reported.

Defendant Credit Management System violated numerous provisions of the FDCPA including but not limited to Sections 805(a)(3); 805(b); 806; 807; & 809(b).

As a result of the Defendants activities or lack thereof the Plaintiff has suffered loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment, and defamation of Credit.

The acts and omissions of the Defendants and its representatives, employees and or agents constitute numerous and multiple violations of the FCRA & FDCPA.

All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

Defendants' actions - engaging in a pattern and practice of wrongful and unlawful behavior, i.e. reporting false and inaccurate information - were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law by Defendants, regarding the Plaintiff's disputed account, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

## **FCRA CLAIMS**

Plaintiff incorporates by reference all previous paragraphs.

In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

a. By willfully and/or negligently failing to comport with reinvestigation procedures listed by the FCRA

Taking illegal actions against Plaintiffs
b. Refusing to properly update Plaintiffs' accounts;
c. Failing to show the accounts as being "disputed" by Plaintiffs; and
d. Reporting the invalid debt on Plaintiffs' credit reports.

The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiffs' rights.

As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for a declaratory judgment that their conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and punitive damages.

## FDCPA CLAIMS

Plaintiff incorporates by reference all previous paragraphs.

In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FDCPA in one or more respects.

The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for the Plaintiffs rights.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, and punitive damages.

## NEGLIGENT, RECKLESS AND WANTON CONDUCT

Plaintiff incorporates herein by reference paragraphs all previous paragraphs.

Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of the Plaintiff.

As a proximate consequence of the defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs, and any other and further relief deemed appropriate by this Court.

## HARASSMENT

Plaintiffs incorporate by reference all previous paragraphs

Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs well being. The defendant's harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding the Plaintiff, created a hostile environment for Plaintiff.

As a proximate consequence of the Defendant's harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiffs for actual, compensatory, and punitive damages, costs and any other further relief deemed appropriate by this Court.

## INVASION OF PRIVACY

Plaintiffs incorporate by reference all previous paragraphs.

Defendant's conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiff private life, publishes private facts regarding Plaintiffs, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

Defendant's actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

As a proximate consequence of the Defendant's' invasion of Plaintiffs privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and the Defendants is liable to Plaintiff for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## DEFAMATION

Plaintiffs incorporate by reference herein all previous paragraphs

Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, namely failing to notate the disputed nature of the account and correct payment history.

Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit report was accessed - which was the result intended by Defendant.

The publications and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## INTENTIONAL MISREPRESENTATION

Plaintiffs incorporate by reference all previous paragraphs.

Defendants intentionally, maliciously, recklessly and/or negligently misrepresented

material facts in that they falsely represented to others that Plaintiff is a deadbeat and does not dispute the aforementioned accounts.

Defendants intend that those who review the credit reports of the Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the mentioned accounts.

Defendant's intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff.

As a proximate consequence the Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

(a) actual damages.
(b) Statutory damages
(c) costs and reasonable fees
(d) punitive damages
(e) For such other relief as the court may deem just and proper.

Nurah Arafat./Pro Se:
399 Willow Wind PL.
Iowa City, IA 52240

*[signature: Nurah Arafat]*

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff demands trial by jury in this action.

Date: 3/21/11

Signature: /s/ Nurah Arafat

## VERIFICATION

I, Nurah Arafat, do declare under penalty of perjury as delineated in 28 USC 1746 that the information contained herein is true and correct to the best of my knowledge. Executed this 21st day of March, 2011 in the State of Iowa, County of Johnson, City of Iowa.

/s/ Nurah Arafat
Nurah Arafat

Nurah Arafat
389 Willow nd Pl
Iowa city IA 52240

Iowa Southern District C
Po Box 9344
Desmoines IA 50309

